# UNITED STATES DISTRICT COURT
## for the
### Middle District of North Carolina

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| **JAMES HOWARD CAMPBELL, JR.** | ) Case No: 1:06CR21-1 |
| | ) USM No: 19049-057 |
| Date of Previous Judgment: July 27, 2006 | ) James E. Quander |
| (Use Date of Last Amended Judgment if Applicable) | ) Defendant's Attorney |

**FILED MAY 19 2011** — Clerk, U.S. District Court, Greensboro, N.C.

### Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), having considered such motion, and taking into account the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☒ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of _____ **is reduced to** _____.

### I. COURT DETERMINATION OF GUIDELINE RANGE (Prior to Any Departures)
Previous Offense Level: _____   Amended Offense Level: _____
Criminal History Category: _____   Criminal History Category: _____
Previous Guideline Range: _____   Amended Guideline Range: _____

### II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.

☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.

☐ Other (explain):

### III. ADDITIONAL COMMENTS
Defendant was previously sentenced to 240 months imprisonment, the applicable statutory mandatory minimum sentence. Although Defendant's offense involved cocaine base ("crack"), the amendments to Sentencing Guideline § 2D1.1 for cocaine base ("crack") offenses would not affect the sentence in this case, as the statutory mandatory minimum would still apply. This Court cannot impose a sentence below the statutory mandatory minimum sentence. See United States v. Munn, 595 F.3d 183 (4th Cir. 2010) ("[A] defendant who was convicted of a crack offense but sentenced pursuant to a mandatory statutory minimum sentence is ineligible for a reduction under § 3582(c)(2)."); see also United States v. Wilkerson, 1:06CR58 (M.D.N.C. December 16, 2008), aff'd, 318 Fed. Appx. 192 (4th Cir. 2009). As such, Defendant's Motion will be denied.

All provisions of the judgment dated _July 27, 2006_ shall remain in effect.

**IT IS SO ORDERED.**

Order Date: 5-19-2011

Judge's signature: /s/ James A. Beaty, Jr.

Effective Date: _____ (if different from order date)

James A. Beaty, Jr., Chief United States District Judge
Printed name and title